# IN THE SUPREME COURT OF THE STATE OF DELAWARE

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, U.S.
SPECIALTY INSURANCE
COMPANY, TWIN CITY FIRE
INSURANCE COMPANY, ALLIED
WORLD NATIONAL ASSURANCE
COMPANY, TRAVELERS
CASUALTY AND SURETY
COMPANY OF AMERICA, STARR
INDEMNITY & LIABILITY
COMPANY,

§
§
§
§
§
§ No. 68, 2021
§
§
§ Court Below–Superior Court
§ of the State of Delaware
§
§ C.A. No. 18C-09-210 (CCLD)
§
§

    Defendants Below,
    Appellant,

§
§
§

    v.

§
§

NORTHROP GRUMMAN
INNOVATION SYSTEMS, INC.,

§
§
§

    Plaintiff Below,
    Appellee.

§
§

Submitted: March 3, 2021
Decided: March 18, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After careful consideration of the notice of interlocutory appeal and its exhibits, it appears to the Court that:

(1)    The appellee, Northrop Grumman Innovation Systems, Inc. ("Northrop") brought suit in the Superior Court against its insurance companies

seeking defense and indemnity insurance coverage for losses incurred by Northrop in connection with a class action lawsuit challenging proxy solicitation statements ("the 14(a) Claim") about the merger of Alliant Techsystems, Inc. ("Alliant") and Orbital Sciences Corporation and post-closing financial reports ("the 10(b) Claim") about the value of the resulting entity—later acquired by Northrop—Orbital ATK, Inc. Northrop's complaint identifies three separate towers of insurance coverage. Relevant here, Northrop seeks coverage under primary and excess directors' and officers' liability policies issued to Alliant ("the Alliant Policies") by National Union Fire Insurance Company of Pittsburgh, PA, U.S. Specialty Insurance Company, Twin City Fire Insurance Company, Allied World National Assurance Company, Travelers Casualty and Surety Company of America, and Starr Indemnity & Liability Company (together, "the Alliant Insurers"). The Alliant Policies contain a carve-out provision ("the Bump-Up Provision") that excludes from the policies' definition of "loss" certain types of loss incurred from lawsuits alleging violations of federal securities law. Northrop moved for summary judgment against the Alliant Insurers arguing that coverage for the 14(a) Claim was not barred by the Bump-Up Provision. The Alliant Insurers cross-moved for summary judgment and asked the Superior Court to hold, as a matter of law, that coverage is unavailable for the 14(a) Claim, the 10(b) Claim, and certain defense costs.

(2)     On February 2, 2021, the Superior Court issued an opinion granting

2

Northrop's motion for summary judgment as well as denying in part and granting in part the Alliant Insurers' motion for summary judgment ("the Opinion).[1] In relevant part,[2] the Superior Court held that the Alliant Policies covered the 14(a) Claim[3] and that certain expenses were covered "defense costs" under the Alliant Policies.[4]

(3)     On February 12, 2021, the Alliant Insurers asked the Superior Court to certify an interlocutory appeal from the Opinion under Supreme Court Rule 42. The Alliant Insurers maintained that the Opinion determined a substantial issue—among other things, the Opinion determined that the Bump-Up Provision did not preclude indemnity coverage for the 14(a) Claim. The Alliant Insurers also argued that the following Rule 42 factors weighed in favor of interlocutory review: (i) the Opinion involves a question of law resolved for the first time in Delaware;[5] (ii) interlocutory review could terminate the litigation as to the Alliant Insurers;[6] and (iii) interlocutory review would serve considerations of justice.[7]

(4)     The Superior Court denied the application for certification.[8] The

---

[1] *Northrop Grumman Innovation Sys., Inc. v. Zurich American Ins. Co.*, 2021 WL 347015 (Del. Super. Ct. Feb. 2, 2021).
[2] The Opinion resolved numerous other case-dispositive motions involving entities not parties to this appeal.
[3] *Northrop Grumman*, 2021 WL 347015, at **18-22.
[4] *Id., at* **22-23.
[5] Del. Supr. Ct. R. 42(b)(iii)(A).
[6] Del. Supr. Ct. R. 42(b)(iii)(G).
[7] Del. Supr. Ct. R. 42(b)(iii)(H).
[8] *Northrop Grumman Innovation Sys., Inc. v. Zurich American Ins. Co.*, 2021 WL 772312 (Del. Super. Ct. Mar. 1, 2021).

Superior Court agreed with the Alliant Insurers that the Opinion decided a substantial issue that relates to the merits of the case—that is, by affording Northrop a legal right to coverage, the Opinion imposes on the Alliant Insurers a legal duty to pay. But the Superior Court observed that a decision involving contract interpretation is not generally the type of undertaking worthy of interlocutory review. Nevertheless, the court examined the Rule 42(b)(iii) factors cited by the Alliant Insurers. The Superior Court concluded that the Opinion did not decide an issue of first impression but merely construed the terms of an insurance policy exclusion. Furthermore, the Superior Court noted that, although interlocutory review may terminate the litigation with respect to the Alliant Insurers, it would not terminate the litigation with respect to the remaining six, equally invested parties. The Superior Court also rejected the Alliant Insurers' argument that the considerations-of-justice factor weighed in favor of certification: to the contrary, pausing litigation to permit interlocutory review where all of the parties share the same complaints cited by the Alliant Insurers (cost, time, pandemic-related conditions) would further strain—not promote—judicial economy. Finally, the court weighed the benefits and hardships of interlocutory review and concluded that there were no measurable advantages to certification. We agree with the Superior Court that interlocutory review is not warranted in this case.

(5) Applications for interlocutory review are addressed to the sound

4

discretion of the Court.[9]  In the exercise of its discretion and giving great weight to the Superior Court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[9] Del. Supr. Ct. R. 42(d)(v).
[10] Del. Supr. Ct. R. 42(b)(ii).
[11] Del. Supr. Ct. R. 42(b)(iii).